UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>QUANTIAE HARRIS, *also known as* "Pops," *also known as* "Q-Ball,"<br><br>Defendant. | 4:24-CR-40118-KES<br><br>ORDER DENYING MOTION TO DISMISS INDICTMENT AND GRANTING IN PART AND DENYING IN PART BILL OF PARTICULARS |

Defendant, Quantiae Harris, moves to dismiss the indictment filed against him, or in the alternative, requests that the court order the government to provide him with a bill of particulars. Docket 163; Docket 163-1. Harris requests that the bill of particulars include (1) the time period in which the conspiracy began; (2) the confiscated drugs the government intends to introduce at trial; and (3) a list of witnesses the government alleges are part of the conspiracy. *See* Docket 163-1 at 5. The United States opposes the motion to dismiss but agrees to provide a bill of particulars providing the timeframe of the alleged conspiracies. Docket 168 at 1. The court issues the following order.

## BACKGROUND

Harris was indicted on October 3, 2024, and charged with two counts of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a) and 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h)). Docket 1.

Count 1 of the Indictment alleges that

Beginning on an unknown date and continuing until on or about the date of this Indictment, in the District of South Dakota and elsewhere, the defendants, Quantiae Harris, a/k/a "Pops", a/k/a "Q-Ball", Stephonn Walton, a/k/a "Lil Bro", Dejuan Rudell Croom, a/k/a "Dee", Faily Chavez, Alonzo Green, and Joshua Weisser, knowingly and intentionally combined, conspired, confederated, and agreed together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute 500 grams or more of a mixture and substance containing Methamphetamine, a Schedule II controlled substance."

*Id.* at 1.

Count 2 of the Indictment alleges that

Beginning on an unknown date and continuing until on or about the date of this Indictment, in the District of South Dakota and elsewhere, the defendants, Quantiae Harris, a/k/a "Pops", a/k/a "Q-Ball", Stephonn Walton, a/k/a "Lil Bro", Dejuan Rudell Groom, a/k/a "Dee", Alonzo Green, Joshua Weisser, and Rodney Rohrbach, Jr., a/k/a "Bubba", knowingly and intentionally combined, conspired, confederated, and agreed together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute 400 grams or more of a mixture and substance containing Fentanyl, a Schedule II controlled substance.

*Id.* at 2.

Count 3 of the Indictment alleges that

Beginning on an unknown date and continuing until on or about the date of this Indictment, in the District of South Dakota and elsewhere, the defendants, Quantiae Harris, a/k/a "Pops", a/k/a "Q-Ball", Stephonn Walton, a/k/a "Lil Bro", Dejuan Rudell Croom, a/k/a "Dee", did knowingly and intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit: depositing, transferring, wiring, purchasing, and withdrawing U.S. currency, funds at financial institutions, and electronic payments, which involved the proceeds of a specified unlawful activity, that is, distribution of a controlled substance, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the

proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions the above-named defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

*Id.*

On November 5, 2025, this court severed Harris's case from that of his codefendants. Docket 143.

## DISCUSSION

### I.    Motion to Dismiss the Indictment

Harris argues that the Indictment fails to provide him with sufficient notice of what he is accused, in violation of the Fifth Amendment. Docket 163; Docket 163-1 at 1. Specifically, Harris argues that the lack of "a specific time frame for which he is accused of committing the crimes alleged . . . render[s] him unable to present a defense or raise a defense of double jeopardy." Docket 163-1 at 1.

This court dealt with a similar argument in *United States v. Pena*, 2014 WL 131197 (D.S.D. Jan. 13, 2014). There, the defendant, who was also charged with two counts of conspiracy to distribute a controlled substance, moved to dismiss his superseding indictment. *Pena*, 2014 WL 131197, at *1. The defendant argued that the superseding indictment, which used the language "[b]eginning at an unknown date and continuing through the date of this Indictment," prevented him from presenting a defense or from properly raising a double jeopardy defense. *Id.* This court held that the superseding indictment was facially sufficient because it contained the essential elements of

a conspiracy under 21 U.S.C. § 846.[1] *Id.* at 2. Thus, the court denied the defendant's motion to dismiss. *Id.*

For similar reasons as in *Pena*, this court denies Harris's motion to dismiss the indictment. Counts 1 and 2 in the Indictment list the three essential elements of a conspiracy under 21 U.S.C. § 846. *See* Docket 1; *see also United States v. Moore*, 639 F.3d 443, 447 (8th Cir. 2011) (listing the three elements of a conspiracy to distribute a controlled substance). Additionally, Count 3 of the Indictment lists the essential elements of a conspiracy to commit money laundering, namely, that Harris agreed to launder money, and that he voluntarily and knowingly joined the agreement. *United States v. Jarrett*, 684 F.3d 800, 803 (8th Cir. 2012) (listing the three essential elements of a conspiracy to commit money laundering). Moreover, "[t]he alleged time frame of [a] conspiracy [is] not an element of the crime." *Moore*, 639 F.3d at 447; *see also United States v. Ghant*, 339 F.3d 660, 662 (8th Cir. 2003) ("Time is not a material element of a conspiracy charge." (internal quotation marks omitted)). Because the court finds that that Indictment is facially sufficient, Harris's motion to dismiss the Indictment is denied.

## II.   Motion for a Bill of Particulars

Harris requests that if his motion to dismiss is denied, this court should order the government to provide him with a bill of particulars setting out (1) the

---

[1] The essential elements of a conspiracy under 21 U.S.C. § 846 include (1) "the existence of an agreement between two or more individuals to distribute drugs," (2) "that the defendant knew of the agreement," and (3) "that he intentionally joined the agreement." *Pena*, 2014 WL 131197, at *2.

time period in which the conspiracy began; (2) the confiscated drugs the government intends to introduce at trial; and (3) a list of witnesses the government alleges are part of the conspiracy. *See* Docket 163-1 at 1, 5. Harris argues that a bill of particulars is warranted because of the voluminous discovery and the large extent of the conspiracy charged in this case. *Id.* at 4. The government agrees that based upon this court's ruling in *Pena*, it will provide Harris with a bill of particulars providing the timeframe for the charged conspiracies. Docket 168 at 1. But the government argues that it should not have to provide a bill of particulars on the confiscated drugs it intends to offer at trial or its witness list because the "more than 5,500 pages of written discovery and [the] substantial amount of digital discovery . . . is more than sufficient to allow Harris to prepare for trial." *Id.* at 4-5.

Based on the parties' agreement, the court grants Harris's motion for a bill of particulars and orders the United States to disclose the timeframe of the charged conspiracies. *See also Pena*, 2014 WL 131197, at *2-3 (granting defendant's motion for a bill of particulars providing a specific time frame of the charged offenses). As for Harris's other two requests—that the government turn over information on the confiscated drugs the government intends to introduce at trial and a list of witnesses the government alleges are part of the conspiracy—the court denies Harris's motion.

"The purpose of a bill of particulars is to inform the defendant of the nature of a charge with 'sufficient precision to enable him to prepare for trial' and 'to avoid or minimize the danger of surprise at trial.' " *United States v.*

*Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (quoting *United States v. Hernandez*, 229 F.3d 984, 989-90 (8th Cir. 2002)). Here, the court agrees with the government that the provided discovery is sufficient to allow Harris to prepare for trial. The Indictment informs Harris of the nature of the charges against him with "sufficient precision" to allow him to prepare a defense and minimizes the danger of unfair surprise at trial. *See Hernandez*, 229 F.3d at 989-90.

Further, a bill of particulars it not a discovery tool "to be used to provide detailed disclosure of the government's evidence at trial." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993); *United States v. Finn*, 919 F. Supp. 1305, 1326 (D. Minn. 1995) (noting that a bill of particulars "was not designed to substitute for pretrial discovery"). Additionally, a "defendant is not entitled to discovery of the government witness list prior to trial and the bill of particulars should not be granted to circumvent this general rule." *United States v. Scott*, 2009 WL 10697517, at *2 (S.D. Iowa Jan. 28, 2009); *see also United States v. Little*, 562 F.2d 578, 581 (8th Cir. 1977) (finding that a bill of particulars is not warranted when used to obtain the "names of investigators, grand jury witnesses and anticipated trial witnesses"). Because Harris's motion seeks to use a bill of particulars as a substitute to pretrial discovery, the court denies Harris' motion for a bill of particulars to the extent it seeks information on the confiscated drugs the government intends to offer at trial and the government's witness list of co-conspirators. *See also United States v. Hocks*, 2009 WL

1851311, at *3 (W.D. Mo. June 29, 2009) (denying defendant's motion for a bill of particulars requesting identification of all unindicted co-conspirators).

## CONCLUSION

Based on the foregoing, it is

ORDERED that Harris's motion to dismiss the Indictment (Docket 163) is denied and his motion to grant a bill of particulars (Docket 163) is denied in part and granted in part. It is

FURTHER ORDERED that the government will provide Harris with a specific time frame the defendant should consider at issue regarding the Indictment.

Dated January 14, 2026.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE