UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> QUANTIAE HARRIS, *also known as* Pops, *also known as* Q-Ball, <br><br> Defendant. | 4:24-CR-40118-1-KES <br><br><br> ORDER DENYING MOTION TO DISMISS |

Defendant, Quantiae Harris, moves to dismiss the indictment filed against him, arguing that his rights under 18 U.S.C. § 3182 were violated during his transfer between districts. Docket 190. The United States resists the motion, maintaining that the statute Harris invokes in inapplicable. Docket 198. For the reasons that follow, the court denies Harris's motion to dismiss.

## BACKGROUND

On October 3, 2024, a grand jury returned an indictment charging Harris with two counts of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h). Docket 1. Harris was arrested in California on November 21, 2024, and appeared the following day before a federal magistrate judge in the Central District of California, represented by counsel. Docket 190 at 1; *see* Docket 81 at 1-2. At that hearing, he was advised of his right to a removal hearing.

Docket 190 at 1. Harris waived that right, and the court ordered him held to answer in the District of South Dakota. *Id.* A Final Commitment and Warrant of Removal issued on November 22, 2024. *See* Docket 81 at 2; Docket 190 at 1.

Harris alleges that deputy marshals transferred him from California on or about January 3, 2025, and that he arrived in Sioux Falls, South Dakota, on or about January 8, 2025—approximately 47 days after his appearance in federal court in California. Docket 190 at 2. Harris made his initial appearance in South Dakota on January 13, 2025, more than 52 days after his appearance in the California federal district court. *See* Dockets 86-87; Docket 190 at 2. Harris contends that this delay violated his rights under 18 U.S.C. § 3182. Docket 190 at 2. He maintains that the District of South Dakota is the proper forum to adjudicate the claim and that the appropriate remedy is dismissal of the indictment and his release from custody. *Id.*

## DISCUSSION

The United States Constitution addresses extradition in Article IV:

> A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

U.S. Const. art. IV, § 2, cl. 2. Congress codified such extradition procedures under 18 U.S.C. § 3182, which provides that:

> Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District, or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person

2

> demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

18 U.S.C. § 3182.

Harris argues that the plain language of 18 U.S.C. § 3182 requires dismissal of the indictment because more than 30 days elapsed between his transfer from the Central District of California to the District of South Dakota. *See* Docket 190 at 3. In response, the United States asserts that 18 U.S.C. § 3182 applies only to extradition between states and territories and does not govern the transfer of a defendant in a federal prosecution from one federal district to another. Docket 198 at 2. The United States further contends that Harris misinterprets the term "extradition," conflating the physical transfer of a person between states with the legal transfer of custody from one jurisdiction to another. *Id.* at 3. The court agrees with the United States.

Article IV, Section 2, Clause 2 of the Constitution and 18 U.S.C. § 3182 govern the extradition of individuals charged with crimes in one state who flee to another. Section 3182 extended such extradition procedures to territories as well as states. *See New York ex rel. Kopel v. Bingham*, 211 U.S. 468, 474 (1909). Under § 3182, if a fugitive is not delivered to the demanding state's

3

agent within 30 days of arrest, the prisoner "may be discharged." 18 U.S.C. § 3182.

Harris's reading of the 30-day provision in § 3182 is incorrect. Section 3182 addresses interstate and territory-to-state extradition, not the transfer of a federal defendant between districts within the same sovereign jurisdiction. *See New York ex rel. Kopel*, 211 U.S. at 474; *see also Thomas v. Levi*, 422 F.Supp. 1027, 1032-33 (E.D. Penn. 1976). In fact, the title of the statute reinforces this: "Fugitives From State or Territory to State, District, or Territory." 18 U.S.C. § 3182. Federal district-to-district transfers are governed by Rule 5 of the Federal Rules of Criminal Procedure, and the remedy of discharge under § 3182 does not apply. Under Rule 5, a defendant is brought before a magistrate judge in the receiving district for an initial appearance, and any delay in transfer does not affect the validity of the indictment or provide a basis for dismissal. *See* Fed. R. Crim. P. 5(c)(2)-(3); *United States v. Cooke*, 853 F.3d 464, 471 (8th Cir. 2017).

Moreover, Harris conflates physical movement with legal extradition. Although he remained in California for an extended period, federal authorities retained legal custody of Harris, and the delay did not implicate the interstate procedures that § 3182 regulates. The 30-day limit imposed under § 3182 therefore has no bearing on Harris's transfer, and dismissal of the indictment is not warranted.

## CONCLUSION

For the above reasons, it is

ORDERED that Harris's Motion to Dismiss the Indictment (Docket 190) is denied.

Dated February 19, 2026.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE